UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., | ) ) ) |
| Petitioner, | ) ) |
| v. | ) )   No. 4:12-CV-161 CAS |
| EDLUCY, INC., et al., | ) ) ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on petitioner Medicine Shoppe International, Inc.'s ("MSI") Amended Motion to Stay Claims of Respondents in Pending Collective Arbitration and to Compel Individual Arbitrations Pursuant to Individual Agreements to Arbitrate ("Motion to Stay Claims and to Compel Individual Arbitrations"), and the respondents' Motion to Dismiss Amended Petition or Compel Arbitration. The motions are fully briefed and ready for decision. For the following reasons, the Court will grant respondent's Motion to Dismiss and deny MSI's Amended Motion to Stay and to Compel Individual Arbitrations.

**Background**

This action was filed by MSI under Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, against respondent Edlucy, Inc. and twenty-seven other individuals and entities that operate Medicine Shoppe pharmacies pursuant to franchise agreements with MSI. In December 2011, Edlucy, Inc. and most of the other respondents (collectively "respondents") filed a collective arbitration claim with the American Arbitration Association ("AAA") in a matter titled Edlucy, Inc.,

et al. v. Medicine Shoppe International, Inc., AAA Case No. 58 114 Y 00293 11.[1] MSI seeks to stay the respondents' claims filed in the collective arbitration, and asks the Court to compel the respondents to proceed with individual, bi-lateral arbitrations that it contends are required by the terms of the parties' franchise agreements. The respondents filed a motion to dismiss MSI's Motion to Stay Claims and to Compel Individual Arbitrations and, in the alternative, to compel MSI pursuant to 9 U.S.C. § 4 to arbitrate its objections to the collective arbitration in the AAA matter. The respondents argue that whether collective arbitration is permitted by the franchise agreement is a question for the arbitrator to decide.

All but two of the respondents' franchise agreements have a provision that states: "We both hereby agree that arbitration shall be conducted on an individual, not a class-wide, basis." The other two franchise agreements are silent on this point.[2] The issues presented in this case are, first, whether the quoted language from the franchise agreements prohibits or permits a collective or joint arbitration and, second, whether this Court has subject matter jurisdiction to decide the first issue, i.e., whether the first issue is a gateway question of arbitrability for the Court to decide or a procedural question for the arbitrator.

**Discussion**

Under the Federal Arbitration Act, 9 U.S.C. §§ 1–16, agreements to arbitrate "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation

---

[1]The remaining respondents were joined in the AAA arbitration by amended arbitration demands.

[2]The franchise agreements of respondents Edlucy, Inc. and Sheplee, Inc. call for arbitration of "[a]ny controversy or claim arising out of or relating to [the] Agreement, or its interpretation or enforcement," to be held "in accordance with the rules then obtaining of the American Arbitration Association."

of any contract." 9 U.S.C. § 2. This statute manifests the strong federal policy favoring arbitration and requires courts to enforce arbitration agreements according to their terms. AT & T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1745 (2011). The Supreme Court has instructed that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983).

"[W]hen deciding whether to compel arbitration, a court asks whether a valid agreement to arbitrate exists, and if so, whether the dispute falls within the scope of that agreement." Newspaper Guild of St. Louis, Local 36047 v. St. Louis Post Dispatch, LLC, 641 F.3d 263, 266 (8th Cir.2011). Here, neither party disputes that valid agreements to arbitrate exist, and MSI does not dispute that the respondents' claims fall within the scope of the arbitration clause in the agreements.

MSI argues that the respondents are parties to separate arbitration agreements which require them to individually arbitrate any disputes with MSI. In support of its position, MSI states the Supreme Court has held parties cannot be required to arbitrate their disputes in a manner that is not authorized by the arbitration agreement, citing Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 479 (1989), and that this principle extends to arbitration provisions requiring that parties resolve their disputes on an individual basis, rather than in a class-action proceeding, citing AT & T Mobility LLC, 131 S. Ct. 1740.

MSI acknowledges that the Supreme Court has not decided if a court or an arbitrator is the appropriate decision-maker on the issue of whether an agreement permits class arbitration. Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758 (2010). MSI argues that Eighth Circuit precedent indicates the question is for the Court rather than an arbitrator, relying on a recent district court decision from Minnesota, Mork v. Loram Maintenance of Way, No. 11-2069, 2012 WL 38628, at *2 (D. Minn. Jan. 9, 2012). In deciding Mork, the district court relied on Dominium Austin

3

Partners, L.L.C. v. Emerson, 248 F.3d 720, 728-29 (8th Cir. 2001) (affirming district court's order compelling parties to submit their claims to arbitration as individuals rather than a class, where the agreements made no provision for arbitration as a class); and Baesler v. Continental Grain Co., 900 F.2d 1193, 1195 (8th Cir. 1990) (holding that "absent a provision in an arbitration agreement authorizing consolidation, a district court is without power to consolidate arbitration proceedings.").

MSI also argues that whether a collective, consolidated or other group form of arbitration is permitted under an arbitration agreement is the type of "gateway" issue the Supreme Court has determined should be resolved by a court under Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002), because it impacts the entire arbitration proceeding.

The respondents move to dismiss MSI's petition pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, to compel MSI to arbitrate pursuant to 9 U.S.C. § 4, on two grounds.  First, respondents assert that whether the franchise agreements' arbitration clause authorizes joinder or collective arbitration is a question of procedure to be determined by an arbitrator, and is not a gateway issue of arbitrability for the Court.  Respondents argue the Eighth Circuit has expressly held that the determination of whether an arbitration provision authorizes a collective action is for an arbitrator, citing Avon Products, Inc. v. International Union United Auto Workers of America, AFL-CIO, 386 F.2d 651, 658 (8th Cir. 1967) (holding that an arbitrator must determine whether grievances are to be resolved in a single or in multiple proceedings under the arbitration provision); and Delta Mine Holding Co. v. AFC Coal Properties, Inc., 280 F.3d 815, 823 (8th Cir. 2001) (stating that arbitrators' decision to consolidate two separate arbitration proceedings was "well within their procedural discretion.").

Second, respondents argue it is not necessary for the Court to determine if the question whether the agreements authorize a collective arbitration is a gateway question of arbitrability or

4

a procedural question.  Respondents contend that even if it is a question of arbitrability, the parties agreed to submit questions of arbitrability to the arbitrator by incorporating the AAA's Commercial Arbitration Rules into their agreements, because the AAA's Rules vest the arbitrator with the authority to determine threshold questions of arbitrability.  Respondents cite as support the Eighth Circuit's decisions in Fallo v. High-Tech Institute, 559 F.3d 874, 878 (8th Cir. 2009) ("[W]e conclude that the arbitration provision's incorporation of the AAA Rules, . . . constitutes a clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator."); and Green v. SuperShuttle International, Inc., 653 F.3d 766, 769 (8th Cir. 2011) ("By incorporating the AAA Rules, the parties agreed to allow the arbitrator to determine threshold questions of arbitrability.") (citing Fallo, id.).

The Court does not believe the Eighth Circuit has had the opportunity to determinatively interpret the issue presented in this case and, as a result, the precedent cited by the parties is not controlling on the issue.  In related cases, this Court recently held that the question whether MSI's franchise agreements permit a joint or collective arbitration is a procedural question for the arbitrator, and granted the respondents' motions to dismiss MSI's petition seeking to compel individual arbitrations in those cases. See Medicine Shoppe Int'l, Inc. v. Prescription Shoppes, LLC, No. 4:12-CV-159 HEA, 2012 WL 1219438, at *2 (E.D. Mo. Apr. 10, 2012); Medicine Shoppe Int'l, Inc. v. Bill's Pills, Inc., No. 12-CV-158 AGF (E.D. Mo. May 11, 2012).[3]

---

[3]In reaching its decision in Medicine Shoppe Int'l, Inc. v. Prescription Shoppes, LLC, No. 4:12-CV-159 HEA, this Court, Judge Autrey presiding, implicitly rejected the district court's decision in Mork v. Loram Maintenance of Way, Inc., No. 11-2069, 2012 WL 38628 (D. Minn. Jan. 9, 2012), relied on by MSI in its briefing in that case as well as this instant case.  In Medicine Shoppe Int'l, Inc. v. Bill's Pills, Inc., No. 12-CV-158 AGF, Judge Fleissig declined to follow Mork and distinguished it on the basis that it concerned a collective class action under the Fair Labor Standards Act, implicating the Supreme Court's holding in Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp., 130 S. Ct. 1758 (2010), that an arbitrator may not infer an implicit agreement for class-action

In this case, the undersigned finds it is not necessary to reach that question, because the parties clearly and unmistakably agreed the arbitrator can determine questions of arbitrability. "Parties are free to agree to arbitrate threshold or 'gateway' questions of arbitrability." Fox v. Career Educ. Corp., 2012 WL 1205155, at *3 (E.D. Mo. Apr. 11, 2012) (citing Rent-A-Center, West, Inc. v. Jackson, 130 S. Ct. 2772, 2777 (2010) (noting that this "reflects the fundamental principle that arbitration is a matter of contract.")).

In Fallo, 559 F.3d 874, there was a dispute as to whether students' tort claims against a vocational school were within the scope of an arbitration agreement contained in their enrollment agreements. The district court held that it had the authority to determine the question of arbitrability and that the arbitration provision did not cover the tort claims. The Eighth Circuit reversed, holding that the issue must be resolved by reference to the parties' agreement, and that the parties had agreed questions of arbitrability were to be determined by an arbitrator.

The arbitration clause at issue in Fallo provided, "Any controversy or claim . . . shall be settled by arbitration in accordance with the Commercial Rules of the American Arbitration

---

arbitration because "class-action arbitration changes the nature of the arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator." Slip op. at 4 (citing Stolt-Nielsen at 1775). Judge Fleissig also declined to find the Eighth Circuit's Dominium Austin Partners decision controlling, because

> there is nothing in the Dominium case, on which the Mork decision relies, to suggest that the parties in that case raised the question of who should decide (whether the court or the arbitrators) whether class arbitration was permissible. The Eighth Circuit Court of Appeals merely found that the lower court "did not err by compelling appellants to submit their claims to arbitration as individuals." Dominium, 248 F.3d at 728-29. Neither the Mork case nor the Dominium case requires this Court to determine the issue of whether arbitration may proceed on a consolidated basis."

Slip op. at 7. The Court agrees with Judge Fleissig's reasoning.

Association ("AAA")." Id. at 876. The Eighth Circuit held that this clause incorporated the AAA's Rules, including Rule 7(a), which expressly gives an arbitrator the power to rule on his or her own jurisdiction. Id. The Eighth Circuit concluded that incorporation of the AAA's Rules was a "clear and unmistakable expression of the parties' intent to reserve the question of arbitrability for the arbitrator and not the court." Id. at 878. See also Green v. Supershuttle International, Inc., 653 F.3d 766, 768-69 (8th Cir. 2011) (holding that arbitration clause stating, "Any controversy…shall be submitted to the AAA…in accordance with its commercial rules," evidenced the parties' agreement to "allow the arbitrator to determine threshold questions of arbitrability.").

The arbitration clause at issue here is functionally equivalent to those in Green and Fallo and states in pertinent part, "[A]ll controversies, disputes or claims . . . shall be heard by one arbitrator in accordance with the then current Commercial Arbitration Rules of the AAA." See, e.g., Amended Petition [Doc. 21], Ex. B at Ex. 31, § 14(G). Thus, the clause incorporates the AAA's Rules. The current version of AAA Rule 7(a) provides arbitrators with the authority to determine their own jurisdiction.[4] Thus, the Court finds the parties clearly and unmistakably agreed to submit all questions of arbitrability to an arbitrator.

---

[4]The AAA Commercial Rules provide in pertinent part:

R-7. Jurisdiction

(a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

American Arbitration Association, http://www.adr.org/aaa (then follow "Rules & Procedures" hyperlink; then follow "Rules" hyperlink; then follow "Commercial Arbitration Rules and Mediation Procedures (including Procedures for Large, Complex Commercial Disputes)" hyperlink (last visited May 10, 2012).

MSI's arguments to the contrary are not persuasive.  First, MSI notes that the arbitration clause incorporating the AAA's Rules provide that those Rules will apply "except as otherwise provided in this Agreement," and points out that the clauses then expressly state arbitration must be conducted "on an individual, not a class-wide, basis."  MSI contends that as a result of this language, the Rules do not vest in the arbitrator the power to interpret the requirement that the respondents arbitrate on an individual basis.

MSI fails to acknowledge that the arbitration clause goes on to provide that the arbitrator "shall apply the rules of evidence and discovery which are applicable to like controversies heard in the United States District Court for the Eastern District of Missouri[.]"  In another provision, the arbitration clause states that the Federal Rules of Evidence and the Federal Rules of Civil Procedure relating to discovery shall apply, and that Rule 13 of the Federal Rules shall apply with respect to compulsory counterclaims.  These appear to be the only exceptions to the applicability of the AAA's Rules found in the franchise agreements.  These exceptions have no bearing on the applicability of Rule 7(a) and, therefore, on the question whether the parties agreed to submit questions of arbitrability to the arbitrator.

MSI's argument that an arbitrator is without power to determine whether a collective arbitration may be allowed because the arbitration clause states that arbitration must be conducted "on an individual, not a class-wide, basis" is unpersuasive. Whether this provision may be construed to prohibit or permit joinder or collective arbitration is a matter of contract interpretation.  As in Fallo and Green, the parties agreed to submit such questions of contract interpretation, whether deemed "procedural" or "arbitral," to an arbitrator.  It is for the arbitrator to determine whether the clause is properly construed to prohibit or permit collective arbitration.

8

Next, MSI argues that the Eighth Circuit's decision in Green supports its position that a court rather than an arbitrator should make the threshold determination regarding whether arbitration should proceed on a collective or individual basis. MSI asserts that on the central issue presented in Green, the Court affirmed the district court's decision granting the defendant's motion to compel arbitration and enforcing the class action waivers in the parties' agreement, thereby requiring individual arbitrations.

In Green, the Eighth Circuit held that because the arbitration clause at issue incorporated the AAA's Rules, the parties agreed to submit questions of arbitrability to an arbitrator. Green, 653 F.3d at 769. As a result, the district court properly granted the defendant's motion to compel arbitration of the parties' dispute as to whether the FAA's transportation worker exemption applied – which was an issue of arbitrability. Id. This aspect of Green clearly supports the conclusion that questions of arbitrability are for an arbitrator to decide in this case.

As stated by MSI, the Eighth Circuit also affirmed the district court's order enforcing the class action waivers in the parties' agreements. Id. The plaintiffs in Green had made a state-law based challenge to the enforceability of the class action waivers. It is significant that apparently neither party chose to enforce their agreement to submit questions of arbitrability to an arbitrator regarding the dispute about the enforcement of the class action waivers, but rather consented to the district court's jurisdiction on that issue. On appeal, the plaintiffs argued that the class action waivers were unenforceable under state law and, in the alternative, that the district court should have left the question for the arbitrator to decide. The Eighth Circuit held that plaintiffs' state-law challenge was preempted by the FAA under the Supreme Court's decision in AT & T Mobility LLC, 131 S. Ct. at 1753, and did not address the plaintiffs' alternative argument. Thus, the Eighth Circuit in Green did not have the opportunity to speak directly on the question presented by this case.

The instant case is distinguishable from Green on several grounds. Here, the respondents seek to enforce the parties' agreement to have questions of arbitrability resolved by an arbitrator, they do not challenge the class action waiver in the agreements based on state law or otherwise, and they have not filed a class-wide arbitration. Further, unlike the plaintiffs' argument in Green, the respondents' argument that the question whether the agreement permits joint or collective arbitration is for an arbitrator has not been squarely rejected by the Supreme Court as a matter of law. MSI's assertion that Green supports its position is therefore unconvincing.

**Conclusion**

For the foregoing reasons, the Court finds that valid agreements to arbitrate exist, the respondents' claims fall within the scope of the arbitration clause in the agreements, and the parties clearly and unmistakably agreed to submit questions of arbitrability to an arbitrator. As a result, the Court lacks subject matter jurisdiction over MSI's Amended Petition to stay the respondents' claims in the pending collective arbitration and to compel individual arbitrations. Accordingly, the Court will deny MSI's Amended Motion to Stay Claims of Respondents in Pending Collective Arbitration and to Compel Individual Arbitrations. The respondents' Motion to Dismiss Amended Petition or Compel Arbitration will be granted, and MSI will be ordered to participate in the arbitration proceedings in Edlucy, Inc., et al. v. Medicine Shoppe International, Inc., AAA Case No. 58 114 Y 00293 11. As a result, it is not necessary for the Court to address respondents' additional arguments for dismissal under Rule 12(b)(6).[5]

---

[5]The Court notes that no party has requested this case to be stayed pending the completion of arbitration. See 9 U.S.C. § 3 (stating that district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]").

Accordingly,

**IT IS HEREBY ORDERED** that Medicine Shoppe International's Amended Motion to Stay Claims of Respondents in Pending Collective Arbitration and to Compel Individual Arbitrations Pursuant to Individual Agreements to Arbitrate is **DENIED**.  [Doc. 18]

**IT IS FURTHER ORDERED** that respondents' Motion to Dismiss Amended Petition or Compel Arbitration is **GRANTED**.  [Doc. 29]

**IT IS FURTHER ORDERED** that Medicine Shoppe International shall proceed to arbitration with respondents in Edlucy, Inc., et al. v. Medicine Shoppe International, Inc., AAA Case No. 58 114 Y 00293 11, and may arbitrate its objections to the collective arbitration therein.

An appropriate order of dismissal will accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of May, 2012.